**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NICOLE N. RICKETTS, in her capacity as Administrator *ad Prosequendum* of the Estate of Najee Seabrooks; and MELISSA CARTER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PATERSON; OFFICERS JOHNBEK SAGDIC, ANZORE TSAY, JOSE HERNANDEZ, HECTOR MENDEZ, QIAO LIN, and MARIO VDOVJAK, in their official and individual capacities; JERRY SPEZIALE in his official and individual capacity; JOHN/JANE DOE 1-25 (fictitiously named); and ABC CO. 1-25 (fictitiously named),<br><br>Defendants. | Case No. 2:25-cv-1601 (MEF) (SDA)<br><br>**WHEREAS OPINION AND ORDER**<br><br>August 6, 2026 |

**STACEY D. ADAMS**, United States Magistrate Judge.

**THIS MATTER** having come before this Court by way of the Motion for Leave to File an Amended Complaint (the "Motion") filed by Plaintiffs Nicole N. Ricketts, in her capacity as Administrator *ad Prosequendum* of the Estate of Najee Seabrooks, and Melissa Carter (together "Plaintiffs") (ECF No. 61); and Defendants the City of Paterson; Officers Johnbek Sagdic, Anzore Tsay, Jose Hernandez, Hector Mendez, Qiao Lin, and Mario Vdovjak; and Jerry Speziale, (collectively "Defendants") having filed no opposition; and

**WHEREAS,** Plaintiffs filed the initial Complaint on March 3, 2025. (ECF No. 1). Defendants responded to the Complaint by filing separate Motions to Dismiss (ECF Nos. 12, 14, 16, 18, 19, 20, 21). The Honorable Michael E. Farbiarz administratively terminated Defendants'

Motions to Dismiss for the parties to submit supplemental briefing and for the Court to address all the motions together. (ECF Nos. 44, 45, and 51).

**WHEREAS,** the Undersigned conducted an initial pretrial scheduling conference on September 9, 2025. (ECF No. 37). The Initial Pretrial Scheduling Order set the deadline to request leave to file a motion to add new parties or amend pleadings as March 31, 2026. (ECF No. 36).

**WHEREAS,** on March 31, 2026, Plaintiffs filed a letter seeking leave to file a motion to amend. (ECF No. 55). In the letter, Plaintiffs indicated that they had provided Defendants with a copy of the proposed amended complaint but Defendants did not consent. (*Id.*). The Court granted Plaintiffs leave to file a motion to amend by April 17, 2026. (ECF No. 57). Plaintiffs filed the instant motion on April 17, 2026. (ECF No. 61). Defendants have filed no opposition.

**WHEREAS,** Plaintiffs seek leave to file the Amended Complaint as a result of recently-produced discovery by the New Jersey Office of the Attorney General, Office of Public Integrity & Accountability ("OPIA"). (ECF No. 61-1 at 1). The proposed Amended Complaint seeks to (i) add five new defendants (Officers Lillian Sanchez, Joshua Serrano, Richard Botbyl, Roger Gutierrez, and Daniel Condon); (ii) remove one defendant (Officer Johnbek Sagdic); (iii) add four new causes of action (Unreasonable Seizure under the Fourth Amendment and 42 U.S.C. § 1983 (Count 12), Unreasonable Seizure under Article I, Paragraph 7 of the New Jersey Constitution and the New Jersey Civil Rights Act, N.J.S.A. § 10:6-1 *et seq.* (Count 13), Excessive Force in Violation of Civil Rights pursuant to 42 U.S.C. § 1983 (Count 14), and Failure to Intervene pursuant to 42 U.S.C. § 1983 (Count 15)); and (iv) add additional factual allegations for previously alleged claims.

**WHEREAS,** motions to amend that are sought before the deadline for amendments of pleadings set in the initial pretrial scheduling order has elapsed are governed by Fed. R. Civ. P.

15(a)(2), which requires the Court to "freely give leave when justice so requires." The Third Circuit Court of Appeals:

> ha[s] consistently adopted a liberal approach to the allowance of amendments. Even when a party is late in moving for leave to amend, we have expressed a preference for allowance of the amendment, so long as the opposing party is not prejudiced by the delay.

*DLJ Mortg. Cap., Inc. v. Sheridan*, 975 F.3d 358, 369 (3d Cir. 2020). Although a determination as to whether to grant or deny leave to file an amended complaint is discretionary, *see Dooley v. Wetzel*, 957 F.3d 366, 376 (3d Cir. 2020), such leave may be denied only if "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Cresci v. City of Bayonne*, No. 23-cv-1342, 2024 WL 94099, at *2 (3d Cir. Jan. 9, 2024) (citing factors as set forth in *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (internal quotation marks omitted). The *Foman* factors "are not exhaustive, allowing a court to ground its decision, within reason, on consideration of additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause to the plaintiff." *Mullin v. Balicki*, 875 F.3d 140, 149-50 (3d Cir. 2017) (citations omitted). However, the most important factor is prejudice to the non-movant. *See id.* at 150.

**WHEREAS,** the Court finds that Plaintiffs have not engaged in undue delay, bad faith, or undue prejudice in light of the brief procedural history of this litigation, as set forth above. The Court does not find that Plaintiffs unduly delayed seeking amendment of the Complaint, nor are they seeking the amendment in bad faith. The proposed amendments are prompted by discovery produced by the OPIA, including an initial production on February 13, 2026, and a supplemental production on February 19, 2026. (ECF No. 61-1 at 14). On March 31, 2026, Plaintiffs requested leave to file the within motion to amend in advance of the deadline set by this Court's Initial

Pretrial Scheduling Order. (ECF No. 36). Additionally, granting Plaintiffs' Motion will not prejudice Defendants because the case is still in its early stages and discovery is still ongoing. Further, none of Defendants have opposed this Motion or have otherwise demonstrated how they would be prejudiced if the Court were to grant this Motion.

**WHEREAS,** an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468-69 (D.N.J. 1990). To determine whether a proposed amendment is futile, courts "appl[y] the same standard of legal sufficiency as applies under Rule 12(b)(6)," meaning a court accepts the allegations "as true, and view[s] them in the light most favorable to plaintiff." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1420, 1434 (3d Cir. 1997). The futility of an amendment may only serve as a basis for denial of leave to amend where "the proposed amendment is frivolous or advances a claim . . . that is legally insufficient on its face." *Harrison*, 133 F.R.D. at 468 (internal quotation marks and citation omitted). However, it is well-settled law that futility arguments are dispositive arguments that are better suited for consideration in a motion to dismiss. *See Colombo v. Bd. of Educ.*, No. 11-cv-785, 2016 WL 6403081, at *2 (D.N.J. Oct. 27, 2016) (holding that "[i]n the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss"); *Falco v. Zimmer*, No. 13-cv-1648, 2014 WL 12910938, at *2 (D.N.J. June 10, 2014) (holding that because proposed amended claims were not so clearly futile as to deny leave to amend, "such arguments are more appropriately assessed on a dispositive motion"); *Curcio v. Collingswood Bd. of Educ.*, No. 04-cv-5100, 2005 WL 8174855, at *2 (D.N.J. Nov. 22, 2005) (finding it would be inappropriate to reject a proposed amended complaint on grounds of futility, because "the issue may be brought by way of dispositive

motion").

**WHEREAS,** Defendants failed to raise any arguments asserting futility and the Court declines to address any potential dispositive arguments in the context of a motion to amend.

**NOW THEREFORE**, for the reasons stated above and for good cause shown:

**IT IS**, on this **6th** day of **August**, **2026**, hereby **ORDERED** as follows:

1. Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 61) is **GRANTED**.
2. Plaintiffs shall file a clean copy of the Amended Complaint by **August 13, 2026**.
3. After filing the Amended Complaint, Plaintiffs shall promptly request summons for the newly-added Defendants and, upon receiving said summons, shall effectuate proper service upon them within 20 days thereafter.
4. Defendants shall respond to the Amended Complaint within the time frame required by applicable Court Rules.
5. The Clerk is directed to terminate the Motion pending at ECF No. 61.

**SO ORDERED.**

***/s Stacey D. Adams***
**HON. STACEY D. ADAMS, U.S.M.J.**

Orig: Clerk
cc: Parties
Hon. Michael E. Farbiarz, U.S.D.J.